```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


CARLSON RESTAURANTS WORLDWIDE,  )
INC.,                           )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:06 cv 336
                                )
HAMMOND PROFESSIONAL CLEANING   )
SERVICES; FERNANDO LOPEZ, SR.;  )
RELIABLE FIRE EQUIPMENT CO.;    )
ANSUL INCORPORATED,             )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Disclosure and Discovery filed by the defendant, Reliable Fire Equipment Company, on February 25, 2008 (DE 48), and the Motion to Compel Discovery from Defendant Reliable Fire Equipment Company filed by the plaintiff, Carlson Restaurants Worldwide, Inc., on March 6, 2008 (DE 54). For the reasons set forth below, defendant Reliable's Motion to Compel Discovery (DE 48) is **GRANTED IN PART** and **DENIED IN PART,** and the plaintiff's Motion to Compel Discovery (DE 54) is **GRANTED IN PART** and **DENIED IN PART.**

Background

This discovery dispute arises from an amended complaint filed on April 6, 2007, by the plaintiff, Carlson Restaurants Worldwide, Inc., against Hammond Professional Cleaning Services, Fernando Lopez, Sr., Reliable Fire Equipment Co., and Ansul, Inc. Carlson alleged that the parties' breach of contract, negligence,

and defective manufacturing proximately caused a fire at its Merrillville, Indiana TGI Friday's restaurant on May 10, 2005. The fire resulted in property damage, an interruption of business, and revenue loss in a sum greater than $900,000.

In its complaint, Carlson alleged that Professional Cleaning had a contract with Carlson to clean the restaurant's grilling system. Carlson also had a contract with Reliable to service and maintain the restaurant's fire suppression system, and Ansul manufactured the fire suppression system installed in the restaurant at the time of the fire. Carlson alleged in the complaint that Reliable breached its contract with Carlson to service and maintain the fire suppression system and was negligent in servicing and maintaining the restaurant's fire suppression system. Carlson also alleged that Ansul designed and manufactured a defective and unreasonably dangerous fire suppression system and "violated its duty to use reasonable care in the design, maintenance and service of the Ansul system in place at the plaintiff's restaurant." (Amended Complaint p. 2)

In its motion to compel discovery from Carlson, Reliable seeks specific information regarding the allegation that Reliable breached the contract. Reliable initially contended that Carlson's failure to produce the contract and failure to identify whether the contract was written or oral constituted an admission that no contract existed between Reliable and Carlson. Reliable also seeks specific information regarding the allegation of negligence, seeks the production of documents relating to Carl-

2

son's alleged damages, and requests that Carlson name witnesses according to Federal Rule of Civil Procedure 30(b)(6).

Carlson, in its motion to compel from Reliable, seeks the production of the contract between Reliable and Carlson. Carlson has alleged that it does not possess a copy of the contract because Carlson was not an original party to the servicing and maintenance agreement of the fire suppression system. Carlson also seeks the attendance of Reliable's personnel for depositions: Lee English, Steve Gillette, Debbie Horvath, Ron Ormes, and Ed Tallon. Carlson has scheduled depositions of these individuals on multiple occasions, but Reliable repeatedly has failed to produce them.

## Discussion

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defense of any party." Federal Rule Civil Procedure 26(b)(1). According to the Federal rules, a party may obtain discovery regarding matters that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence." Rule 26(b)(1); **Chavez v. Daimler Chrysler Corp.**, 206 F.R.D. 615, 619 (S.D. Ind. 2002). See also **Kern v. U. of Notre Dame Du Lac**, No. 3:96 CV 406, 1997 WL 816518 at *1 (N.D. Ind. Aug. 12, 1997) ("[A] party may obtain discovery regarding any matter relevant to the subject matter of the action and . . . the information sought need not be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence."). Under the amendments to

Rule 26, "narrowing relevance from that which is related to the 'subject matter' of the case to matters related particularly to 'claims or defenses,' relevance remains broadly construed." ***Day v. Hill***, 2:05 CV 310, 2007 WL 1970955 at *2 (N.D. Ind. July 3, 2007) (*quoting* ***Sanyo Laser Products, Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 500 (S.D. Ind. 2003)("The difference, while meaningful, is not dramatic, and broad discovery remains the norm.").

"District courts have broad discretion in matters relating to discovery" and "before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (*quoting* ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7th Cir. 2002)). At the discovery stage, relevancy is broad, and "requests for discovery are relevant if there is any possibility that the subject matter of the request may be relevant to the action." ***Kern***, 1997 WL 816518 at *1 (*quoting* ***In re Aircrash Disaster***, 172 F.R.D. 295, 303 (N.D. Ill. 1997).

A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Federal Rules of Civil Procedure 37(a)(2) and 37(a)(3). A district court "has wide discretion in ruling on discovery matters," ***U.S. v. Auston***, 35 Fed. Appx. 251, 255 (7th

4

Cir. 2001) and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines*, 95 F.3d 492, 496 (7th Cir. 1996).

If the request for discovery is within the scope of Rule 26(b), "the objecting party must set forth a sufficient reason why discovery should not be permitted." *Amcast Industries Corporation v. Detrex Corporation*, 138 F.R.D. 115, 118-19 (N.D. Ind. 1991); *Langford v. Elkhart*, Nos. S91-322, 1992 WL 404443 at *2 (N.D. Ind. Apr. 21, 1992). The scope of discovery, however, is not limitless, as "practical considerations dictate that parties not be permitted to roam in shadow zones of relevance and to explore matter which does not appear germane merely on the theory that it might become so." *Langford*, 1992 WL 404443 at *2 (*quoting Syed v. Director, Federal Bureau of Investigation*, 1991 WL 259734 at *2). Once a party objects to a Rule 34 production request, "the party seeking discovery must demonstrate that the request is within the scope permitted under Rule 26(b)." *Langford*, 1992 WL 404443 at *2.

Reliable seeks from Carlson specific information regarding the alleged contract between these parties. Reliable's contention that no such contract exists is moot, however, because, as addressed later in this order, Reliable has identified this contract. Reliable also has requested that Carlson specifically identify how Reliable was negligent in servicing and maintaining the restaurant's fire suppression system. Carlson's response – that investigation continues and that it cannot state how Reli-

5

able was negligent without reviewing the "missing contract" – carries no weight. Not only are Carlson's breach of contract and negligence claims against Reliable separate, even if the contract was necessary to identify Reliable's negligence, Reliable has produced it.  *See also* Federal Rule of Civil Procedure 33(a)(2) (a party may serve an interrogatory which "asks for an opinion or contention that relates to fact or the application of law to fact . . . ."). Accordingly, Reliable's motion to compel responses to its interrogatories seeking the basis of Carlson's negligence claim is **GRANTED.**

Next, Reliable has requested that Carlson identify, from among the more than 3,000 pages it has produced in discovery, the documents used to calculate the damages to the restaurant, including tax documents from the years 2002-2006, the insurance underwriting guidelines, the list of employees working on the day of the fire at the restaurant, and the restaurant's gross revenue figures for the years 2002-2006. Reliable also has requested production of the manual for the char broiler, which was the "cooking apparatus" in use at the time of the fire. Reliable further has requested that Carlson identify witnesses for depositions pursuant to Rule 30(b)(6). Regarding the production of these witnesses, Carlson has stated that it intends to offer no lay opinion witnesses, but has produced its expert witness, who remains available for deposition.

Carlson claims that pursuant to Rule 33(d) it already has produced the documents used to calculate damages to its restau-

rant, the names of employees who worked at the restaurant on the day of the fire, and documents regarding the restaurant's gross revenue for the years 2002 to 2006.

Rule 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Although a party answering interrogatories may take advantage of Rule 33(d), it must show that "the burden of deriving or ascertaining the answer is substantially the same for both sides." **Govas v. Chalmers**, 965 F.2d 298, 302 (7th Cir. 1992); **In re Sulfuric Acid Antitrust Litig.**, 231 F.R.D. 351, 366 (N.D. Ill. 2005) (*quoting* **Magarl, LLC v. Crane Co.**, 1:03-CV-01255, 2004 WL 2750252 at *7 (S.D. Ind. Sept. 29, 2004)). Additionally, an interrogatory answer "must be responsive to the question. It should be complete in itself and should not refer . . . to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." **Magarl, LLC**, 2004 WL 2750252 at *12 (*referencing* **Scaife**

***v. Boenne***, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (quotation omitted)).

Mere production of the documents does not meet the rule's standard. Carlson has not demonstrated that Reliable can identify the requested documents from among the more than 3,000 pages as easily as Carlson and has not specifically responded to Reliable's interrogatories.  Carlson must identify the records relating to damages calculations, the names of employees who worked on the day of the fire, and the documents relating to the restaurant's gross revenue. Carlson already has provided its gross revenue figures for the years 2004-2006 in response to an interrogatory, but it has indicated that its figures for 2002-2003 are unknown. By answering an interrogatory regarding this information, Carlson acknowledges its relevance and must produce the 2002 and 2003 figures.

Reliable has argued that the manual to the char broiler from the TGI Friday's restaurant is relevant because "[i]t is undisputed that the char broiler was in an 'on' position at the time of the fire. Plaintiff's entire theory against the co-defendant cleaning company is premised on that fact." (Reliable's Reply Brief, p. 1)  Carlson has responded that "there was no cooking apparatus in operation at the time of the fire so there is no manual to produce." (Pltf. Response, p. 4)  It is unnecessary to resolve the factual dispute regarding this aspect of the fire's cause because the question falls within the broad relevancy standard under Rule 26. Because the char broiler information is

8

implicated in the claims and defenses in this matter, the information is relevant under the broad discovery guidelines. Carlson must produce the manual.

In its motion to compel discovery from Carlson, Reliable also has requested Carlson's income tax filings for the years 2002-2006. A court may compel discovery of tax returns when the litigant puts the amount of his income at issue. ***Fed. Savings & Loan Ins. Corp. v. Krueger***, 55 F.R.D. 512, 514 (N.D. Ill. 1972). "[I]n most instances, . . . [the] production of a tax return should not be ordered unless there appears to be a compelling need for the information it contains, such as is not otherwise readily obtainable." ***Shaver v. Yacht Outward Bound***, 71 F.R.D. 561, 564 (N.D. Ill. 1976). *See also* ***Continental Coal, Inc. v. Cunningham***, 2007 WL 4241848 at *3 (D. Kan. Nov. 28, 2007) (finding that for a court to order production of tax returns, it "must find that the returns are relevant to the subject matter of the action" and "must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable").

Reliable maintains that this information is discoverable and that it is relevant because Carlson put its loss at issue.  However, Carlson's damage claims involve only one restaurant.  Carlson has objected to this request because it is "unnecessary, onerous, unduly burdensome and would involve the production of proprietary business information." (Pltf. Resp. p. 3)  Specifically, Carlson has noted that it "owns and operates more than 900

9

restaurants worldwide, has 28,000 employees, and typically has more than $2,000,000,000 in gross annual tax sales." On this basis, Reliable's request reaches a significant volume of information that is not relevant to this claim and its production is unduly burdensome. (Pltf. Resp. p. 2)

Further, Carlson has claimed that its accountants did not rely on its income tax filings to calculate the restaurant's damages, and consequently, the company's financial information is sufficiently revealed through means other than the tax returns. Accordingly, Carlson must comply with Reliable's request to identify the specific documents used to calculate its damages. Stating that its accountants are available for deposition does not exempt Carlson from identifying the documents its accountants used to calculate damages. Reliable has the right to review the documents to prepare for the depositions of the accountants. *See e.g.* ***Poulos v. Naas Foods, Inc.***, 959 F.2d 69, 75 (7th Cir. 1991) (finding that plaintiff's offer to provide information about his income by affidavit is an insufficient alternative to producing tax returns). *See also e.g.* ***Shaver v. Yacht Outward Bound***, 71 F.R.D. 561, 564 (N.D. Ill. 1976) (finding that "[i]t is not enough that he [defendant] examine the contents of the [tax] returns and swear by affidavit to what they contain"). If the produced documents prove insufficient to answer Reliable's request, Reliable may renew this motion. Reliable's requests for Carlson's tax documents is **DENIED WITHOUT PREJUDICE.**

Carlson already has produced its Rule 30(b)(6) witness, Christina Pelke, for five of the six subjects described in Reliable's notice. The witness for the sixth subject, damages, was identified, and has been and remains available for his deposition. The "parties have agreed to postpone his deposition until after he is disclosed as an expert witness." (Pltf. Reply, p. 2) Because Reliable has not contested this point, the court trusts that Carlson has complied with its production of its Rule 30(b)(6) witnesses, and this issue in Reliable's motion to compel is moot. In accordance with the foregoing reasoning, Reliable's motion to compel Carlson on discovery issues is **GRANTED IN PART** and **DENIED IN PART.**

Reliable has admitted in its answers to Carlson's interrogatories that it possesses a written contract with Carlson relating to the restaurant at issue in this litigation. (*See* Pltf. Motion to Compel, p. 6; Answer to Interrogatory Number 16) Reliable also has admitted that the first known date of a contract between Reliable and either Carlson or the restaurant's previous owners is April 26, 1995. (*See* Pltf. Mot. to Compel, p. 3, Ans. to Inter. Number 3(a)) Carlson contends that Reliable has failed to identify this written contract among the approximately 200 pages of documents that Reliable has produced. Reliable's counsel, however, in its March 6, 2008 letter to Carlson's attorney, stated that the produced documents Bates-stamped with the following numbers contain the contract: RFE00252, 254, 256, 258, 260, 262, and 264. (*See* Exhibit A, p. 3)

11

Federal Rule of Civil Procedure 33(d) "does not require documents to be identified by Bates-stamp, only that the documents be clearly identified."  *See* Rule 33(d) ("A specification shall be in sufficient detail to permit the interrogating party to locate and to identify as readily as can the party served, the records from which that answer may be ascertained."). ***Const. Ins. Co. v. Chase Manhattan Mortgage Corp.***, 59 Fed. Appx. 830, 837 (7th Cir. 2002). "[A] party seeking production of documents bears the burden of establishing the opposing party's control over those documents." ***Burton Mechanical Contractors, Inc. v. Foreman***, 148 F.R.D 230, 236 (N.D. Ind. 1992) (*quoting* ***Camden Iron & Metal v. Marubeni Am. Corp.***, 138 F.R.D. 438, 441 (D. N.J. 1991)).

By referring to Bates-stamp numbers, Reliable has more than sufficiently met the requisite identification. Therefore, based on Reliable's apparent willingness to produce the contract to Carlson, the court expects that Carlson and Reliable will determine from these Bates-stamped documents the existence of the contract without further court involvement. Accordingly, Carlson's request that Reliable identify the contract between the parties is moot.

Carlson further seeks to compel Reliable to produce its personnel for deposition. Although Carlson has attempted on numerous occasions to depose five Reliable employees, Reliable has responded that it "will not present its employees or other representatives for deposition until plaintiff has designated and presented its rule 30(b)(6) witnesses for deposition . . . [and

12

that] [t]his comports with the standard practice for orderly discovery." (Reliable's Resp. pp. 1-2) Reliable also indicated in a March 6, 2008 letter to Carlson's counsel that it will withhold its personnel from depositions until after plaintiff has answered written discovery.

Reliable's contention in its April 29, 2008 reply brief supporting its motion to compel discovery that the "orderly process for discovery calls for the parties to complete written discovery before moving on to depositions" is incorrect. Under Rule 26(d), unless the court mandates otherwise, "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay another party's discovery." Because Carlson already has produced its Rule 30(b)(6) witnesses and parties may complete discovery in any order, Reliable has provided no basis for delaying the depositions of Lee English, Steve Gillette, Debbie Horvath, Ron Ormes, and Ed Tallon. Accordingly, Carlson's motion to compel discovery from Reliable is **GRANTED IN PART** and **DENIED IN PART**.

_____

For the foregoing reasons, the Motion to Compel Disclosure and Discovery filed by the defendant, Reliable Fire Equipment Company, on February 25, 2008 (DE 48) is **GRANTED IN PART** and **DENIED IN PART**, and the Motion to Compel Discovery filed by the plaintiff, Carlson Restaurants Worldwide, Inc. on March 6, 2008 (DE 54), is **GRANTED IN PART** and **DENIED IN PART.**

ENTERED this 23rd day of July, 2007

                                                s/ ANDREW P. RODOVICH
                                                   United States Magistrate Judge