```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

CARLSON RESTAURANTS WORLDWIDE,  )
INC.,                           )
                                )
        Plaintiff               )
                                )
    v.                          )    Case No. 2:06 cv 336
                                )
HAMMOND PROFESSIONAL CLEANING   )
SERVICES; FERNANDO LOPEZ, SR.;  )
RELIABLE FIRE EQUIPMENT CO.;    )
ANSUL INCORPORATED,             )
                                )
        Defendants.             )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment (DE 65) filed by the defendant Ansul Incorporated on April 21, 2008. For the reasons set forth below, the motion is **DENIED without prejudice**.

Background

This matter arises from a fire at the TGI Fridays Restaurant in Merrillville, Indiana, operated by the plaintiff, Carlson Restaurants Worldwide ("Carlson"). In its complaint, Carlson alleged that fault for the fire was attributable to three entities: Hammond Professional Cleaning Service for the negligent cleaning and maintenance of the restaurant's grilling system; Reliable Fire Equipment ("Reliable"), the organization responsible for maintaining the restaurant's fire suppression system; and Ansul Incorporated ("Ansul"), the manufacturer of the

1

fire suppression system, for negligence and a defective product. Carlson has alleged that Ansul designed and manufactured a fire suppression system including a fire suppressant "which was defective in design and unreasonably dangerous" and "violated its duty to use reasonable care in the design, maintenance and service of the Ansul system in place at the plaintiff's restaurant."  (Amended Complaint p. 2)

Ansul sells fire suppression system components to authorized distributors, who then sell, design, and install the systems for consumers.  The Ansul systems utilize a chemical fire suppression agent - the Ansulex low pH agent ("Ansulex") - which is stored in tanks until the temperature sensors trigger its release through nozzles aimed at cooking areas which may be on fire.  Problems with Ansulex crystallizing and blocking the nozzles led Ansul to implement a program in November 1995 where servicemen examined the tanks for crystallization and added a second chemical, EDTA, to the tank to ward off crystallization and corrosion.  However, if the examination of the system revealed crystallization already in progress, the corrective action program required the existing Ansulex to be drained, the system to be thoroughly cleansed, and the tanks to be refilled with new Ansulex and EDTA.

The fire suppression system in question in the Merrillville TGI Fridays was installed by the distributor in March or April of

1995.  The local fire department performed its final occupancy inspection of the restaurant on March 31, 1995, at which time the system was deemed fully installed and operable.  (Aff. of James F. Jaracz)  The first service visit performed by Reliable took place on April 26, 1996.  During that service call, the "Ansul Inspected" sticker was affixed to the system to denote performance of the newly required corrective actions for prevention of crystallization, and the inspection report included the notation, "Ansul Inspected EDTA added."  (Plt.'s Ex. D)  The fire occurred on May 10, 2005, and this cause of action was commenced on October 6, 2006.

Ansul contends that Carlson's claims are barred by the Indiana Product Liability Act's statute of repose, Indiana Code § 34-20-3-1, which requires product liability actions to be commenced within ten years of delivery of the product.  Ansul's summary judgment position is that the system itself was the product in question and any addition of Ansulex and/or EDTA were a "mere repair" which cannot be equated with "delivery of [a] product."  Carlson, in response, argues that though the fire suppression system was delivered more than ten years before the fire, the possible addition of new and defective Ansulex in April 1996 creates a genuine issue of fact which requires denial of summary judgment.  Therefore, there is a dispute as to the correct legal date of "delivery of the product," which includes

3

whether the "product" in question is the fire suppression system as a whole or the Ansulex chemical suppressant agent within, and additionally, whether the possible addition of Ansulex and/or EDTA was a "mere repair" or was reconstruction or reconditioning of the "product."

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); **Williams v. Excel Foundry & Machine, Inc**., 489 F.3d 309, 310 (7th Cir. 2007); **Treadwell v. Office of the Illinois Secretary of State**, 455 F.3d 778, 781 (7th Cir. 2006); **Branham v. Snow**, 392 F.3d 896, 901 (7th Cir. 2004). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); **Lawrence** v. Kenosha County, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202,

4

212 (1986); *Ballance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 148 (7th Cir. 1994).  *See also Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999); *Plair v E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved

>           in favor of either party.
>
>           [T]his standard mirrors the standard for
>           a directed verdict under Federal Rule of Civil
>           Procedure 50(a), which is that the trial judge
>           must direct a verdict if, under the governing
>           law, there can be but one reasonable
>           conclusion as to the verdict.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986); *see also Scott v. Harris*, – U.S. – , 127 S. Ct. 1769, 1776, 167 L.Ed.2d 686 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2553; *Branham*, 392 F.3d at 901; *Lawrence*, 391 F.3d at 841; *Hottenroth*, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

A federal court sitting in diversity applies federal procedural law and the substantive law of the state in which it sits. *Charter Oak Fire Insurance Company v. Hedeen & Companies*, 280 F.3d 730, 735 (7th Cir. 2002). Here, the court must apply Indiana substantive law. The applicable statute is Indiana's general statute of repose for product liability actions whether

the theory of liability is negligence or strict liability in tort, which provides:

> [A] product liability action must be commenced:
> (1) within two (2) years after the cause of action accrues; or
> (2) with ten (10) years after the delivery of the product to the initial user or consumer.
>
> However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time with two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1(b). This statute protects manufacturers from product liability claims arising when the products have been delivered to the consumers more than a decade before the events giving rise to a claim may occur. *See, e.g.,* ***Dague v. Piper Aircraft Corp.***, 418 N.E.2d 207, 210 (Ind. 1981)("The clear intention of the legislature . . . was to limit the time within which product liability actions can be brought. . . . The obvious intent of the statute . . . is that the action must be brought within two years after it accrues, but in any event within ten years after the product is first delivered to the initial user or consumer, unless the action accrues more than eight but less than ten years after the product's introduction into the stream of commerce.").

The first question becomes what is the product in question here: the fire suppression system or the Ansulex chemical fire suppressant? The parties agree that if the fire suppression

system as a whole is the basis of any product liability claims by Carlson, the statute of repose would have been triggered more than ten years before the fire occurred, and the claims fail. Carlson argues, however, that the Ansulex chemical fire suppressant stored in the system tank and released upon heat sensor activation is the liability-triggering product. This contention is more difficult to analyze.

Judge Richard Posner previously affirmed this court on the application of Indiana's statute of repose in a case where a manufacturer of a defective component incorporates that component into an older product:

> [F]irst, . . . any reconstruction or reconditioning . . . which has the effect of lengthening the useful life of a product beyond what was contemplated when the product was first sold starts the statute of repose running anew. . . . [S]econd . . . merely by incorporating a defective component into an old product the incorporator cannot obtain the protection from suit that the statute of repose gave the old product.

*Richardson v. Gallo Equipment Co.*, 990 F.2d 330, 331 (7th Cir. 1993). There, a forklift was delivered to the customer fifteen years before an accident, but a back-up alarm and warning light were added to the forklift just three years prior to the accident. This court granted summary judgment for the forklift manufacturer after determining that the back-up alarm had not been defective and that product liability could be based only on the original delivery of the forklift to the user, which was barred by the statute of repose. In affirming, Judge Posner

commented on the addition of a component part:

> "Unless the component is defective and caused the injury, the suit is barred by the statute of repose because then the defect must have been in the original product; and, to repeat an essential point in this opinion, *merely adding a component, without extending the life of the original product, does not affect the statute of repose.*"

990 F.2d at 331 (emphasis added)(internal parenthetical deleted).

Here, Carlson is proposing that the defective product is the Ansulex and that the addition of either new Ansulex or EDTA in April of 1996 restarted the running of the statute of repose. Like in *Richardson*, the court must determine if the addition of a component – here, the Ansulex or EDTA – extended the life of the original product and affected the statute of repose. Adding new Ansulex to the fire suppression system appears to be "merely adding a component, without extending the life of the original product," the system as a whole. But adding EDTA to the defective Ansulex, which had been found to crystallize and corrode the fire suppression systems, in an effort to thwart crystallization within the tank, pipes, and nozzles appears to be an attempt to extend the life of the original faulty chemical product. In short, the change in chemicals was not a mere repair, but is a restructuring or reconditioning (albeit, a chemical one) which Ansul described in its own Product Service Bulletin as "corrective actions" implemented to "eliminate the possibility of this situation affecting new systems." (Plt.'s Ex. B) As warned of in *Richardson*, the court cannot allow Ansul

to obtain immunity from products liability should its components prove defective, or in the case of the EDTA, ineffective in curing the defect, simply by the fortuity of adding the product less than ten years before the fire.  The April 1996 service appears more a restructuring or reconditioning of the chemical agent than mere repair, and as such, provides a genuine question as to a new start to the statute of repose.

Taken in the light most favorable to the non-moving party, the court finds genuine issues yet to be determined.  No information concerning how any failure of the fire suppression system played a role in the damages at this TGI Fridays was included in the briefing for this motion.  The only legal question before the court at this time is that concerning the application of the Indiana Product Liability Act to a holding of summary judgment for the manufacturer, Ansul.  As such, Ansul's motion is **DENIED without prejudice**.

_____

For the foregoing reasons, the Motion for Summary Judgment filed by the defendant, Ansul Incorporated, on April 21, 2008, is **DENIED without prejudice.**


ORDERED This 12th day of November, 2008

/s/ Andrew P. Rodovich
United States Magistrate Judge